**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DETRICK LARON FORD,

      Defendant-Appellant.

No. 05-6076
(Western District of Oklahoma)
(D.C. Nos. 04-CV-570-M and
02-CR-171-M)

**ORDER**

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

Petitioner, Detrick Laron Ford, seeks a certificate of appealability ("COA")

so he can appeal the district court's denial of the motion to vacate, set aside, or

correct sentence he brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. §

2253(c)(1)(B) (providing that a movant may not appeal the denial of a § 2255

motion unless the movant first obtains a COA). Pursuant to the terms of a plea

agreement, Ford pleaded guilty to one count of possession with intent to distribute

a mixture or substance containing a detectable amount of phencyclidine ("PCP"),

in violation of 21 U.S.C. § 841(a)(1).[1] Ford was sentenced to two hundred and ninety-two months' incarceration, four years' supervised release, and ordered to pay a fine.

Although Ford waived his right to appeal or collaterally challenge his conviction and sentence as part of his plea agreement, he filed the instant § 2255 motion on May 6, 2004. In the motion, Ford raised four issues: (1) his arrest was unlawful, (2) his conviction was obtained by the improper use of evidence recovered from the home of an ex-girlfriend, (3) his failure to cooperate with officers at the time of his arrest could be explained by his bipolar disorder, and (4) his guilty plea was not made knowingly and voluntarily because his counsel provided constitutionally ineffective assistance. The district court concluded that the waiver in Ford's plea agreement was enforceable as to his first two arguments and that his third argument was wholly meritless because neither his conviction nor his sentence were affected by his conduct toward the arresting officers. The court then analyzed Ford's ineffective assistance of counsel claims but concluded the claims failed on the merits.

In his application for a COA and appellate brief, Ford makes only one argument. He asserts the district court erred when it dismissed the ineffective

---

[1]Five other counts in the indictment were dismissed on the government's motion pursuant to the terms of the plea agreement.

assistance claim predicated on his assertion that counsel assured him his sentence could be reduced after it was imposed to less than five years' imprisonment. Ford asserts that the district court should have held an evidentiary hearing to resolve this claim. He also admits, however, that he failed to present the issue "properly" and cogently before the district court "in an understandable way." He attempts to place the blame for that failure on the jailhouse lawyer who assisted him in filing his § 2255 motion. It is well-settled, however, that there is no constitutional right to counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Accordingly, we decline to consider Ford's arguments because they were not adequately presented to the district court. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

To be entitled to a COA, Ford must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 322 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Ford has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Ford need not

-3-

demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Ford's application for a COA and appellate filings, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes that Ford is not entitled to a COA. The district court's resolution of Ford's § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, this court **denies** Ford's request for a COA and **dismisses** this appeal. Ford's motion to proceed *in forma pauperis* on appeal is **granted**.

Entered for the Court
CLERK, COURT OF APPEALS


By
    Deputy Clerk